UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
    UNITED STATES OF AMERICA

                -v-                                                22-cr-707 (KHP)

    LUCA TRIPPITELLI,                                        ORDER

                      Defendant(s).
-----------------------------------------------------------------------X

KATHARINE H. PARKER, United States Magistrate Judge:

      Defendant Luca Trippitelli requests the return of his passport from the United States Pretrial Services. For the reasons set forth below, Trippitelli's motion is granted in part and denied in part.

      On December 28, 2022, Trippitelli pleaded guilty pursuant to a plea agreement to one count of blackmail. On May 9, 2023, the Court sentenced him to 60 days of imprisonment recommended in a minimum security camp, followed by one year of supervised release and restitution of $131,049. The Court also ordered Trippitelli surrender by July 10, 2023. The Government opposes the application on the basis that the Probation Department informed the Government that it is not in its practice to return passports for defendants sentenced to a term of incarceration prior to the defendant's surrender date. (Letter from AUSA Matthew R. Shahabian, ECF No. 41).

      Rule 41(g) of the Federal Rules of Criminal Procedure states that a person aggrieved "by the deprivation of property may move for the property's return." Where "no criminal proceedings against the movant are pending or have transpired, a motion for the return of

property is treated as [a] civil equitable proceeding[ ]." *Mora v. United States*, 955 F.2d 156, 158 (2d Cir. 1992).

Courts consider the Government's interest in retaining property when deciding whether property should be returned to a defendant. See, e.g., *United States v. Beras*, 2003 WL 21136727 (S.D.N.Y. May 15, 2003) (finding the Government may retain seized a passport when it has possible evidentiary value or where the defendant was undergoing exclusion proceedings); *United States v. Sarna*, 2009 WL 2633153, at *2 (S.D.N.Y. Aug. 26, 2009) (denying return of passport where defendant was under supervised release and terms of supervised release required prior approval from the Probation department to travel out of the country). Additionally, passports may be returned after sentencing. *United States v. Dominguez*, 2009 WL 2245064, at *1 (S.D.N.Y. July 27, 2009) (passport allegedly returned after sentencing).

Here, the Government objects to returning Trippitelli's passport because it is not Probation's practice to return passports until after a surrender date. The Government's interest in holding his passport until Trippitelli's surrender date is reasonable to ensure surrender. Therefore, Tripitelli's motion is granted, but not as to timing of the return. Probation is ordered to return Tripitelli's passport to him immediately after Trippitelli surrenders on July 10, 2023. By July 12, 2023, Probation shall file a letter with the Court informing it that it has complied with this Order.

SO ORDERED.

Dated: May 25, 2023
New York, New York

*Katharine H. Parker*

KATHARINE H. PARKER
United States Magistrate Judge